Michael R. Marrinan (SBN 90484)
Attorney at Law
LAW OFFICES OF MICHAEL R. MARRINAN
501 W. Broadway, Suite 1510
San Diego, CA. 92101
Telephone: (619) 238-6900
mike@marrinanlaw.com

Robert W. Jackson, Esq. (SBN 117228)
**The Law Offices of Robert W. Jackson**
205 West Alvarado Street
Fallbrook, CA. 92028
(760) 723-1295 (t)
(760) 723-9561 (f)
robert@jacksontriallawyers.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSPEH DOMBROWSKI,<br><br>          Plaintiff,<br><br>     vs.<br><br>UNITED STATES OF AMERICA,<br>and DOES 1-10,<br><br>          Defendants. | Case No. **'23CV0034 JAH  KSC**<br><br>**COMPLAINT FOR DAMAGES**<br><br><br>1. Negligence (FTCA)<br>2. Battery (FTCA)<br>3. Civil Code § 52.1 Civil Rights<br>   Violations (FTCA) |

Plaintiff alleges:

## JURISDICTION AND VENUE

1. This Complaint is for damages based on tort violations committed by employees of the United States acting under color of law and within the scope of their employment and in violation of the Federal Tort Claims Act and California law.

2. This Court has jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1346(b), because Plaintiff's claims arise under the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq., involving violations of California tort law.

3. Plaintiff exhausted the administrative remedies prescribed by 28 U.S.C. § 2675 by timely presenting a Federal Tort Claims Act claim to the appropriate agencies of the United States, including the United States Marshals Service, on or about April 7, 2022.

4. To date, neither the United States Marshals Service nor the United States has served a notice of rejection of Plaintiff's claim. Six months having passed since the filing of Plaintiff's administrative claim, by operation of law Plaintiff has exhausted all administrative remedies and the current action is being timely filed within the statute of limitations.

5. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b)(2) and 1391(e)(1)(B), because this is the judicial district in which the acts or omissions giving rise to the claims occurred.

## PARTIES

6. Plaintiff Joseph Dombrowski is and was at all material times mentioned herein a resident of the County of San Diego, State of California.

7. Defendant United States of America ("United States") is a sovereign nation that has waived its sovereign immunity for the claims that Plaintiff asserts against it. At all relevant times, Defendant United States was the government entity that employed, controlled, directed, and otherwise oversaw the United States Marshals Service ("USMS"), its employees, and any other federal agents who were involved in the incident described in this Complaint. These employees of the United States and USMS are unknown to Plaintiff and therefore are described herein as DOES 1-5. DOES 6-10 are employees of other law enforcement agencies and are also unknown to Plaintiff. All Defendants described as DOES , were acting under color of law and within the course and scope of their employment with respect to the conduct about which Plaintiff complains.

# FACTUAL ALLEGATIONS

8. Plaintiff, Joseph Dombrowski, is a 57 year-old man and a long-time resident of the County of San Diego.

9. On June 22, 2021, Plaintiff was inside his home in an unincorporated area of El Cajon. Several law enforcement agents and officers, led by members of the United States Marshals Service, arrived on the property, apparently with a warrant for Plaintiff's arrest for an alleged federal probation violation.

10. Plaintiff was in the bathroom at the time the agents arrived. The bathroom was in a bedroom. Several of the agents entered the home. One of these agents had a police dog with him. Plaintiff was ordered to come out of the bathroom, which he did. Within seconds of Plaintiff opening the bathroom door and beginning to exit the bathroom, Plaintiff was attacked by the police dog that had been let loose by the dog handler. The dog immediately bit and began ripping at Plaintiff's right arm. The dog continued to bite and rip at Plaintiff's arm. The dog handler did not call the dog off or remove him from continuing to bite and tear Plaintiff's arm. Plaintiff was unarmed at the time and did nothing to warrant this extreme, vicious use of force. Plaintiff was in excruciating, unbearable pain when the dog bit him and continued to bite and tear at his arm. No agent intervened in a timely manner to prevent or stop this unwarranted attack on Plaintiff, despite their obligation to do so.

11. Eventually the dog was removed from Plaintiff's arm and the biting and tearing of Plaintiff's arm finally subsided. Plaintiff was in excruciating pain. His arm was severely torn up, and blood was pouring from the wounds in his arm.

12. Paramedics were called and Plaintiff was transported to Sharp Memorial Hospital where his injuries were treated over several days. Plaintiff underwent multiple surgeries in an effort to repair the damage to his arm. Eventually, Plaintiff was discharged from the hospital. However, Plaintiff's wounds became infected and he was admitted to the hospital again for several

more days and underwent additional surgeries.

13. As a result of this incident, Plaintiff suffered excruciating pain and severe injuries to his right arm, resulting in ongoing pain, permanent nerve damage, severe disfigurement, substantial scarring, and other injuries and damage. These injuries required multiple surgeries and lengthy hospitalizations, resulting in substantial medical bills. These injuries and surgeries caused Plaintiff to suffer severe pain and suffering, as well as severe emotional distress.  Plaintiff has ongoing, life-long physical and emotional injuries and damages resulting from this incident.

## **FIRST CAUSE OF ACTION**
### **Negligence (FTCA)**
### **(Against Defendant United States of America)**

14. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 13 above as though fully set forth herein.

15. DOES 1-10 and all U.S. Marshals and agents involved in Plaintiff's arrest had a duty to Plaintiff to act with ordinary care and prudence so as not to cause harm to Plaintiff

16. DOES 1-10 and all U.S. Marshals and law enforcement personnel involved in Plaintiff's arrest had a duty to act with reasonable care in exercising their detention and arrest authority.

17. DOES 1-10 and all U.S. Marshals and law enforcement personnel involved in Plaintiff's arrest failed to act with ordinary care and breached the aforementioned duties when they released the police dog, allowed it to bite and tear up Plaintiff's arm, and failed to intervene and prevent or stop this vicious attack.  As a result, these employees and agents of the United States were negligent and breached their duty of due care owed to Plaintiff, thereby causing the physical and emotional injuries described above and the damages described in paragraph 13 above.

18. The acts of DOES 1-10 and all U.S. Marshals and law enforcement personnel involved in Plaintiff's arrest fell below the standard of care and breached their duties owed to Plaintiff.

19. Further, supervisory personnel of the U.S. Marshals Service were negligent in the training, discipline and supervision of their agents and other law enforcement personnel who were at the scene of Plaintiff's arrest, leading to and proximately causing Plaintiff's injuries.

20. The breach of their duties by DOES 1-10 and all U.S. Marshals and law enforcement personnel involved in Plaintiff's arrest was a substantial factor in causing the negligence and injuries suffered by Plaintiff, including Plaintiff's physical injuries and the emotional injuries he suffered.

21. At all times mentioned herein, DOES 1-10 and all U.S. Marshal's and agents were acting within the scope of their employment by the United States and/or the U.S. Marshals Service.

22. Under the Federal Tort Claims Act, Defendant United States of America is liable for the conduct and negligence of DOES 1-10 and the U.S. Marshals and law enforcement personnel involved in Plaintiff's arrest.

23. As a result of the acts described above, Plaintiff suffered the injuries and damages described in paragraph 13 above, including severe pain, suffering, permanent nerve damage, permanent disfigurement and severe emotional distress, entitling him to general and compensatory damages in an amount to be proven at trial.

/ / /
/ / /
/ / /
/ / /
/ / /

## SECOND CAUSE OF ACTION
### Battery (FTCA)
### (Against Defendant United States of America)

24. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 23 above as though fully set forth herein.

25. By the acts alleged herein, particularly the U.S. Marshals and other agents' acts of intentionally releasing the police dog, intentionally directing the dog to bite Plaintiff, allowing the dog to continue to bite and tear at Plaintiff's arm, and failing to intervene to prevent or stop this attack by the police dog, agents and employees of the United States committed batteries upon Plaintiff, as provided under California law. Said batteries caused Plaintiff to suffer physical and emotional injuries and harm as described above and in paragraph 13, for which Plaintiff is entitled to recover damages against Defendant United States of America pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.*

## THIRD CAUSE OF ACTION
### Bane Act - California Civil Code § 52.1 (FTCA)
### (Against Defendant United States of America)

26. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 25 above as though fully set forth herein.

27. The acts alleged above, particularly the act of unjustified and excessive physical force via the attack on Plaintiff by the police dog and the failure to prevent or stop this attack, constituted excessive force and therefore an unreasonable seizure, in violation of Plaintiff's rights guaranteed by the California Constitution (Article I, Section 13) and the United States Constitution, specifically the Fourth Amendment thereto, as well as negligence, assault, and battery under California law. These acts were committed by threats, intimidation and/or coercion by DOES 1-10, with the intent to violate Plaintiff's constitutional and statutory rights, and/or with a reckless disregard for Plaintiff's constitutional rights.

Therefore, Plaintiff is entitled to damages as provided in California Civil Code § 52.1, pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.*

28.  At all times herein, DOES 1-10 were acting within the scope of their employment or assignment as members of the U.S. Marshals Service, employed by the United States of America.

29.  Defendant United States of America is liable for the conduct of DOES 1-10 under the Federal Tort Claims Act.

30.  As a result of the acts described above, Plaintiff suffered the injuries and damages described above and in paragraph 13, including severe pain, suffering, permanent disfigurement and emotional distress, entitling him to general and compensatory damages in an amount to be proven at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendant United States of America as follows:

1. For general and compensatory damages in an amount to be proven at trial;

2. For reasonable costs of suit herein; and

3 For such other relief as the Court deems just, proper and permitted by law.

Dated: January 8, 2023

*/s/ Michael R. Marrinan*
MICHAEL R. MARRINAN
Attorney for Plaintiff